UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LASHAN DANITA DANIELS, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | Civil Action No. 14-665 <br> DAR |

## MEMORANDUM OPINION

Plaintiff Lashan Daniels commenced this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, seeking judicial review of a hearing officer's determination with respect to M.C., her minor child. Complaint (ECF No. 1) ¶ 1. Plaintiff alleges that M.C. is a student eligible for special education services, and that District of Columbia Public Schools ("DCPS") denied M.C. a free appropriate public education ("FAPE"). *Id.* ¶¶ 11–15. This matter was referred to the undersigned for full case management, and the parties filed cross-motions for summary judgment in accordance with the undersigned's scheduling order. Referral (ECF No. 3); Plaintiff's Motion for Summary Judgment (ECF No. 18); Defendant's Cross Motion for Summary Judgment (ECF No. 20). The undersigned recommended that Plaintiff's motion be granted in part, and that DCPS's motion be denied. Report & Recommendation ("R&R") (ECF No. 24) at 15. The Court (Chutkan, J.) adopted the undersigned's Report and Recommendation on September 29, 2015. Order (ECF No. 28).

Plaintiff now seeks to recover $92,688.92 in attorneys' fees and costs incurred in connection with the litigation. Plaintiff's Motion for Fees and Costs ("Pl.'s Mot.") (ECF No. 30)

at 1.  With the consent of the parties, this case was reassigned to the undersigned for all purposes.  Notice of Consent (ECF No. 33) at 1.  Upon consideration of the motion; the memoranda in support thereof and in opposition thereto; the reply memorandum; the exhibits offered by the parties; and the entire record herein, the undersigned will grant Plaintiff's motion in part.

**CONTENTION OF THE PARTIES**

Plaintiff asserts that she is entitled to an award of reasonable attorneys' fees because she is a "prevailing" party based on the hearing officer's determination that DCPS failed to provide a BIP and the court's decision that DCPS denied M.C. a FAPE.  *See* Memorandum in Support of Plaintiff's Motion for Fees and Costs ("Pl.'s Mem.") (ECF No. 30) at 4.  DCPS counters that Plaintiff is a "partially" prevailing party, thus the fees must be denied or significantly reduced, because Plaintiff's motion for summary judgment was granted only in part.  Defendant's Opposition to Plaintiff's Motion for Fees and Costs ("Opp'n") (ECF No. 31) at 4.  Plaintiff, in her reply, argues that she is entitled to a full recovery of attorneys' fees and costs because she prevailed on all claims that were ripe.  *See* Plaintiff's Reply to Opposition to Motion for Fees and Costs ("Reply") (ECF No. 32) at 1–4.

Plaintiff argues that the requested fees are reasonable in terms of both the requested rates and the claimed hours.  Pl.'s Mem. at 5, 6.  In support, Plaintiff argues that the "updated" *Laffey* Matrix should be used to establish the prevailing market rates in the community because IDEA litigation is "complex."  *Id.* at 6–7.[1]  DCPS argues that IDEA cases are not considered complex federal litigation, citing cases where the court granted 75% of the *Laffey* Matrix rates for prevailing

---

[1] The *Laffey* matrix is "a schedule of charges based on years of experience developed in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *rev'd on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 [105 S.Ct. 3488, 3489, 87 L.Ed.2d 622] [ ](1985)."  *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1105 (D.C. Cir. 1995) (footnote omitted).  The Civil Division of the United States Attorney's Office for the District of Columbia updates and maintains a *Laffey* matrix, available at https://www.justice.gov/usao-dc/file/796471/download.

plaintiffs. Opp'n at 5–9. In reply, Plaintiff argues that DCPS failed to produce sufficient evidence to rebut the presumption of reasonableness. *See* Reply at 5–7.

**APPLICABLE STANDARDS**

In actions for attorney's fees that are brought pursuant to the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs" to the prevailing party. 20 U.S.C. § 1415(i)(3)(B)(i). In evaluating such a request, the court must first determine "whether the party seeking attorney's fees is the prevailing party," and if so, must then evaluate whether the requested fees are reasonable. *Wood v. District of Columbia*, 72 F. Supp. 3d 13, 18 (D.D.C. 2014) (citing *Staton v. District of Columbia*, No. 13-773, 2014 WL 2700894, at *3 (D.D.C. June 11, 2014), *adopted by* 2014 WL 2959017 (D.D.C. July 2, 2014); *Douglas v. District of Columbia*, 67 F. Supp. 3d 36, 40 (D.D.C. 2014)).

As this Circuit has recently observed, "[t]he IDEA provides no further guidance for determining an appropriate fee award." *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015). Thus, the common mechanism for the determination of a reasonable award is generally "the number of hours reasonably expended" multiplied by a reasonable hourly rate. *Wood*, 72 F. Supp. 3d at 18 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

*Prevailing Party*

To qualify as a prevailing party, the party must obtain at least "some relief" from the court. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see also Alegria v. District of Columbia*, 391 F.3d 262, 264 (D.C. Cir. 2004) (applying the prevailing party analysis in the IDEA context). In determining whether the party moving for fees is a prevailing party, courts apply a three-prong test: "(1) there must be a 'court-ordered change in the legal relationship' of the parties; (2) the judgment must be in favor of the party seeking the

fees; and (3) the judicial pronouncement must be accompanied by judicial relief." *District of Columbia v. Straus*, 590 F.3d 898, 901 (D.C. Cir. 2010) (citation omitted).

Even if a party prevailed on his or her claims, the extent of the party's success is "a crucial factor in determining the amount of an award of attorney's fees." *Hensley*, 461 U.S. at 438. A reduced fee award is appropriate if the relief is "limited" in comparison to the scope of the litigation as a whole. *Id.* However, there is no precise rule or formula for making these determinations. *Id.* at 436–37. In so doing, the court may "attempt to identify specific hours that should be eliminated" or "reduce the award to account for the limited success." *Id.*

### *Reasonable Rate*

The party requesting fees "bears the burden of establishing the reasonableness of the hourly rate sought," and "must submit evidence on at least three fronts: the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community." *Wood*, 72 F. Supp. 3d at 18–19 (internal quotation marks omitted) (citing *In re North*, 59 F.3d 184, 189 (D.C. Cir. 1995)).

In this jurisdiction, the *Laffey* Matrix serves as the commonly accepted benchmark for the determination of prevailing market rates for attorneys' fees in complex federal court litigation. *See Eley*, 793 F. 3d at 100. "The prevailing market rate provides merely a starting point for determining the reasonableness of a billing rate . . . . The fee applicant should also submit evidence, including affidavits, regarding her counsel's general billing practices, skill, experience and reputation." *Wood*, 72 F. Supp. 3d at 21 (quoting *Baker v. D.C. Pub. Sch.*, 815 F. Supp. 2d 102, 114 (D.D.C. 2011)) (citations omitted) (internal quotation marks and alterations omitted).

The judges of this Court have adopted varying approaches to the determination of the prevailing market rate for attorneys' fees in IDEA cases. *Wood*, 72 F. Supp. 3d at 19. "While

some judges of this court have applied full *Laffey* rates in IDEA cases, others have applied a rate equal to three-fourths of the *Laffey* Matrix rate . . . where the underlying administrative proceedings did not involve particularly complex matters." *Id.* (quoting *Haywood v. District of Columbia*, No. 12-1722, 2013 WL 5211437, at *6 (D.D.C. Aug. 23, 2013)) (citations omitted); *see also Gardill v. District of Columbia*, 930 F. Supp. 2d 35, 42 (D.D.C. 2013) (citations omitted) ("Some courts find that the *Laffey* rate is presumptively reasonable . . . . Other courts treat the *Laffey* Matrix as providing the *highest* rates that will be presumed to be reasonable when a court reviews a petition for statutory attorneys' fees . . . [and] impose lower rates where the defendant shows that the proceedings for which compensation is sought were straightforward or otherwise not demanding of counsel's skills and experience.") (internal quotation marks omitted).

More recently, this court has cautioned that IDEA cases "take a variety of litigation paths" and cannot be dismissed as "categorically routine or simple." *Sweatt v. District of Columbia*, 82 F. Supp. 3d 454, 459 (D.D.C. 2015) (quoting *Thomas*, 908 F. Supp. 2d at 243).[2] Some judges in this District "ha[ve] rejected the suggestion that IDEA administrative litigation is categorically less complex than other forms of litigation, and reaffirm[ed] that IDEA cases are sufficiently complex to allow application of the *Laffey* Matrix." *Id*. (citations and internal quotation marks omitted). Moreover, "[s]ince an attorney's total fee award is determined by multiplying the number of hours expended by the hourly rate, reducing the *Laffey* rates to reflect the brevity of the case improperly accounts for the length of the proceedings twice." *Id.* Thus, "[t]he complexity of

---

[2] By way of illustration, the undersigned has observed that "IDEA cases require 'testimony from education experts regarding whether a student has been denied a free and public education,' . . . and plaintiffs' counsel must 'understand the bureaucratic workings of [DCPS] . . . and . . . become conversant with a wide range of disabling cognitive, emotional, and language-based disorders and the corresponding therapeutic and educational approaches.'" *Sweatt*, 82 F. Supp. 3d at 460 (citations omitted).

the case is accounted for by the number of hours expended and should not be accounted for by a blunt reduction of rates before applying the rates to the number of hours expended." *Id.*

While the Circuit thus far has declined to decide "whether IDEA litigation is in fact sufficiently 'complex' to use [some version of the *Laffey* Matrix][,]" it has criticized the mechanical application of the proposition "that IDEA cases, as a subset of civil rights litigation, fail to qualify as 'complex federal litigation.'" *Eley*, 793 F.3d at 105. In a concurring opinion, a member of the *Eley* panel wrote that "I would simply add that in my view, the United States Attorney's Office *Laffey* matrix is appropriate for IDEA cases." *Id.* at 105 (Kavanaugh, J., concurring).[3]

### *Reasonable Hours*

The party requesting fees also bears the burden of demonstrating the reasonableness of the hours expended, and "may satisfy this burden by submitting an invoice that is sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Wood*, 72 F. Supp. 3d at 18 (citing *Hensley*, 461 U.S. at 433). If the party requesting fees satisfies its burden, "there is a presumption that the number of hours billed and the hourly rates are reasonable," and "the burden then shifts to the [opposing party] to rebut" this presumption. *Id.* (citations omitted) (internal quotation marks omitted).

### *Allowable Costs*

Costs may be included as part of the award to a prevailing party. 20 U.S.C. § 1415(i)(3)(B). In this jurisdiction, costs incurred for copying, faxing, and potage are customarily included in such

---

[3] In December, 2016, a different panel of the Circuit affirmed a District Court judge's exercise of discretion to award fees to an IDEA prevailing party at three-quarters of counsel's *Laffey* rates. *See Reed v. District of Columbia*, 843 F.3d 517 (D.C. Cir. 2016). However, as that panel of the Circuit neither overturned *Eley*, nor held that IDEA litigation, categorically, is not complex federal litigation, the undersigned concludes that *Reed* is limited to its facts.

awards. *McLam v. District of Columbia*, 808 F. Supp. 2d 184, 190–91 (D.D.C. 2011) (citing *Kaseman v. District of Columbia*, 329 F. Supp. 2d 20, 28 n.7 (D.D.C. 2004)); *see also Holbrook v. District of Columbia*, 305 F. Supp. 2d 41, 46 (D.D.C. 2004) (costs for copying, faxing, and postage "are traditionally considered part of a reasonable attorney's fee.") (citation omitted). Mileage charges may be includes in awards, pursuant to IDEA, if they are routinely billed by an attorney to her client. *McLam*, 808 F. Supp. 2d. at 91. Finally, parking costs are allowable in fee awards in IDEA cases. *DeLa Cruz v. District of Columbia*, 82 F. Supp. 3d 199, 210 (D.D.C. 2015) (finding that $18.00 charge for parking "should be reimbursed at cost[.]").

**DISCUSSION**

For the reasons discussed below, the undersigned concludes that Plaintiff is entitled to an award of attorneys' fees and costs in the amount of $56,890.77.

*Prevailing Party*

To qualify as a "prevailing party," Plaintiff must have: (1) experienced a court-ordered change in her legal relationship with DCPS, (2) obtained a favorable judgment, and (3) received a judicial pronouncement accompanied by some judicial relief. *See Straus*, 590 F.3d at 901. A party does not have to succeed on every claim to be a prevailing party, because the court has discretion to consider the extent to which the party prevailed on various issues when calculating fee awards. *Joaquin v. Friendship Pub. Charter Sch.*, No. CV 14-1119 (RC), 2016 WL 3034151, at *3 (D.D.C. May 27, 2016) (citing *Hensley*, 461 U.S. at 433–37). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989). Where a plaintiff has obtained excellent results, the fee award

to counsel should not be reduced "simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435.

Here, the undersigned finds that Plaintiff is a prevailing party because (1) the court's finding that DCPS denied M.C. a FAPE changed the legal relationship between the parties, (2) Plaintiff obtained a favorable judgment through the court's grant of her motion for summary judgment, and (3) Plaintiff received the declaratory relief she sought.

First, Plaintiff's primary objective for initiating this action was to review the hearing officer's determination that Plaintiff "failed to meet her burden of proof that [M.C.] was denied a FAPE." *See* Compl. at 3; Administrative Record ("AR") (ECF No. 14-1) at 10. This court previously found that DCPS denied M.C. a FAPE by failing to devise an appropriate IEP in June 2013. *See* R&R at 11–13. Although the court's relief was declaratory, no express order requiring non-prevailing party to act is necessary for finding the "prevailing party status." *See Initiative & Referendum Inst. v. U.S. Postal Serv.*, 794 F.3d 21, 24 (D.C. Cir. 2015) (finding that the plaintiffs experienced a court-ordered change in their legal relationship with the defendant even without the court's express order to amend the defendant's regulation).

Plaintiff satisfied the remaining two prongs of the "prevailing party" test. The court's order granting Plaintiff's motion for summary judgment in part was "in favor" of Plaintiff, "the party seeking fees." *Straus*, 590 F.3d at 901. Because the court issued a declaratory judgment in Plaintiff's favor, Plaintiff obtained a "judicial pronouncement," which was "accompanied by judicial relief." *Id.*

DCPS argues that Plaintiff is not entitled to an award of fees, or alternatively, that the fees must be significantly reduced because Plaintiff is a "partially" prevailing party at most. Opp'n at 4. DCPS correctly argues that the degree of success is crucial in determining the amount of an

award of attorneys' fees; however, the court finds that Plaintiff is still eligible for a fee award because there was a material alteration of the legal relationship of the parties. *See Joaquin*, 2016 WL 3034151, at *5 ("[W]hen . . . the Court finds that a student was denied access to a free appropriate public education, the student may recover reasonable attorney's fees as the prevailing party.").

The undersigned also rejects DCPS's argument that the fees must be significantly reduced due to Plaintiff's limited success.[4] Indeed, among the three claims Plaintiff argued in her summary judgment motion, she did not prevail only with respect to her request for an order requiring DCPS to place and fund M.C. at New Beginnings Vocational Program. *See* R&R at 14. However, the fee award should not be reduced "simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435. Moreover, the court's refusal to grant the order was not based on the merits of the argument, but because consideration of the issue would have been premature. *See* R&R at 14 ("[T]he current IEP is incorrect. Therefore, a conclusion on prospective placement should not be given at this time."). Given Plaintiff's success on the substantive issues, a fee reduction based on limited success is not warranted.

Therefore, the undersigned finds that Plaintiff is entitled to an award of attorneys' fees and costs because she is a prevailing party, and that no reduction for "limited" or "partial" success is warranted.

---

[4] DCPS specifically argues that the court denied "all substantive relief" requested by Plaintiff, and that therefore Plaintiff's award of attorneys' fees should be "significantly reduced for partial success." Opp'n at 4. During the administrative proceedings, however, Plaintiff was awarded compensatory education in the form of "30 hours of independent counseling services and 30 hours of independent mentoring services[.]" AR at 14. Accordingly, Plaintiff "did not request compensatory education for her child [from the court] because the administrative Hearing Officer had already awarded compensatory education[.]" Pl.'s Reply at 2 n.4. As a result, Plaintiff did not request an award of compensatory education in her motion for summary judgment. *See* Proposed Order (ECF No. 18-2).

*Reasonable Rates*

Once the party moving for attorneys' fees and costs is found to be a "prevailing party," the next question is determining the reasonable fees. The standard for reimbursement of attorney's fees involves calculation of the lodestar: multiplication of the reasonable amount of time spent by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. The requesting party bears the "burden of establishing the reasonableness of the hourly rate sought." *Wood*, 72 F. Supp. 3d at 18–19 (internal quotation marks omitted) (citing *In re North*, 59 F.3d 184, 189 (D.C. Cir. 1995)).

The undersigned finds that the *Laffey* Matrix published by the United States Attorney's Office ("USAO *Laffey* Matrix"), as opposed to the "enhanced" or "*Salazar*" *Laffey* Matrix, is consistent with the reasonable market rate for IDEA cases in the community. Although Plaintiff attempts to establish the "*Laffey* matrix updated with the *Salazar* method" as the market rate, *see* Pl.'s Mem. at 13, she failed to meet her burden. In particular, Plaintiff submitted affidavits from five IDEA practitioners; however, the undersigned finds that these affidavits, at most support the proposition that three-quarters of the USAO *Laffey* Matrix rate is not in line with the market standard. *See* Pl.'s Mot., Exhibit 4 (Hecht Decl.) (ECF No. 30-1) at 8; *id.*, Exhibit 6 (Savit Decl.) (ECF No. 30-1) at 7; *id.*, Exhibit 7 (Moran Decl.) (ECF No. 30-1) at 3–4; *id.*, Exhibit 8 (Hill Decl.) (ECF No. 30-1) at 4; *id.*, Exhibit 9 (Mendoza Decl.) (ECF No. 30-1) at 9.[5]

As the undersigned has rejected the proposition that an award of fees to a prevailing party in an IDEA action must be confined to a rate of no more than three-quarters of the applicable

---

[5] Only one of the attorneys stated that his law firm charged the enhanced or updated *Laffey* Matrix rates for his client in IDEA cases. *Id.*, Exhibit 7 (Moran Decl.) (ECF No. 30-1) at 3 ("Moran and Associates adjusted its rates to match those in the version of the *Laffey* matrix sometimes referred to the 'LSI *Laffey* Matrix' or the '*Salazar Laffey* matrix[.]'"). However, the undersigned has found that such a statement, as well as Dr. Kavanaugh's affidavit, is insufficient to establish that the enhanced or updated *Laffey* Matrix should apply, unless counsel cites cases where such rates were actually awarded and affirmed. *Copeland v. District of Columbia*, No. 1:13-CV-00837 (CRC), 2016 WL 5239595, at *2 n.2 (D.D.C. Sept. 22, 2016).

*Laffey* Matrix rates, the affidavits do not serve to advance the consideration of the issues to be determined. Therefore, the undersigned finds that the USAO *Laffey* Matrix rates should apply to calculate the award of fees in this case.[6]

### *Allowable Costs*

The undersigned finds that the expenses for copying and mailing as well as the fees for the service of process and filing are reasonable and normally included as part of the award to a prevailing party in this District. *See Holbrook v. District of Columbia*, 305 F. Supp. 2d 41, 46 (D.D.C. 2004) ("An attorney, however, is entitled to 'all expenses associated with the litigation that [she] would normally expect to pass on to fee paying clients,' provided such costs are reasonably incurred and reasonable in amount.") (citing *McKenzie v. Kennickell*, 645 F. Supp. 437, 452 (D.D.C. 1986)).

### *Calculation of the Total Fees and Costs*

<u>Attorney Fees – Douglas Tyrka</u>

During the period in which Douglas Tyrka represented Plaintiff, from April 2014 through November 2015, he had approximately 16 years of experience. *See* Pl.'s Mot., Exhibit 5 (Tyrka Decl.) (ECF No. 30-1) at 4 ("I received my juris doctorate from the University of Texas School of Law at Austin in June of 1998.") According to the USAO *Laffey* Matrix, the hourly rate for an attorney with eleven to nineteen years of experience is $460.[7] Accordingly, the total fee award for Mr. Tyrka is $23,115.

---

[6] DCPS does not dispute the reasonableness of the hours spent by Plaintiff's counsel in this action. *See generally* Opp'n (arguing only for a reduction based on Plaintiff's limited success on the merits, and a reduction to three-quarters of the *Laffey* Matrix rate for Plaintiff's counsel).

[7] *See* U.S. Dep't of Justice, *Laffey Matrix – 2014-2015*, *available at* http://www.justice.gov/sites/default/files/usao-dc/legacy/2014/07/14/Laffey%20Matrix_2014-2015.pdf.

### Attorney Fees – Alana Hecht

During the period from August 2013 through June 2014, Alana Hecht had approximately eight years of experience. *See* Pl.'s Mot., Exhibit 4 (Hecht Decl.) (ECF No. 30-1) at 2 ("I attended Law School at the George Washington University School of Law, and received my *juris doctorate* in May of 2005."). The USAO *Laffey* Matrix provides that the hourly rate for an attorney with eight to ten years of experience in 2013 was $360,[8] and in 2014 was $370.[9] Ms. Hecht claimed 46.5 billable hours in 2013, and 38.4 billable hours in 2014. Accordingly, the total fee award for Ms. Hecht's 84.9 hours is $30,948.[10]

### Paralegal Fees – Chithalina Khanchalern

According to the USAO *Laffey* Matrix, the hourly rate for a paralegal or law clerk in 2013 was $145,[11] and in 2014 was $150.[12] Ms. Khanchalern claimed 8.8 billable hours in 2013, and 7.3 billable hours in 2014. Accordingly, the total award for Ms. Khanchalern's 16.1 hours is $2,371.[13]

### Costs & Expenses

The undersigned finds that the costs and expenses claimed are reasonable, thus Plaintiff is entitled to the full amount requested, $456.77. *See* Pl.'s Mot., Exhibit 1 (ECF No. 30-1) at 23.

---

[8] *See* U.S. Dep't of Justice, *Laffey Matrix – 2003-2014*, *available at* https://www.justice.gov/sites/default/files/usao-dc/legacy/2013/09/09/Laffey_Matrix%202014.pdf.

[9] *See supra* note 7.

[10] 46.5 hours x $360 = $16,740.  38.4 hours x $370 = $14,208.

[11] *See supra* note 8.

[12] *See supra* note 7.

[13] 8.8 hours x $145 = $1,276.  7.3 hours x $150 = $1,095.

**CONCLUSION**

In sum, Plaintiff is entitled to an award of $56,890.77 in attorneys' fees and costs incurred in relation with the litigation. An appropriate Order accompanies this Memorandum Opinion.

                                                                         /s/
                                                            DEBORAH A. ROBINSON
March 27, 2017                                              United States Magistrate Judge